# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| BRANDY J SIEVERS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY; NEW HOPE VILLAGE; NEW HOPE VILLAGE EMPLOYEE BENEFITS PLAN,<br><br>Defendants. | No. 18-cv-3048-CJW<br><br>**ORDER** |

This matter is before the Court on defendants' jointly filed Motion to Dismiss Count II. (Doc. 4). Plaintiff timely filed a resistance (Doc. 11), and defendants timely filed a reply (Doc. 12).[1] For the following reasons, defendants' motion is **granted**.

## I.     BACKGROUND

Plaintiff brought a two-count complaint under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.*, alleging that defendant United of Omaha wrongfully denied plaintiff's claims for short and long-term disability benefits under an ERISA plan ("the plan"). (Doc. 1, at 3-7). Plaintiff further explains that the denial of plaintiff's claim for short-term disability benefits "prevented [p]laintiff from receiving long-term disability benefits." (*Id.*, at 7). Specifically, plaintiff alleges that she "has exhausted all administrative remedies under the short-term disability portion of

---

[1] Pursuant to Court Order, defendants also filed an exhibit that appeared to have been inadvertently omitted from defendants' initial filings. (*See* Docs. 4-3; 13).

[the plan,] and any attempts to undergo administrative procedures regarding the long-term disability portion of [the plan] would have been futile." (*Id.*, at 6).

Defendants brought their motion to dismiss plaintiff's claim for long-term disability benefits (Count II) for failure to state a claim upon which relief can be granted. Defendants argue that plaintiff cannot properly pursue relief for Count II in this Court because plaintiff did not first exhaust her administrative remedies with respect to long-term disability benefits. (Doc. 4). Defendants further assert that the denial of plaintiff's claim for short-term disability benefits did not render a claim for long-term disability benefits futile. (*Id.*, at 1-2). In support of their motion, defendants turn to the definitions of "disability," as set forth in the long-term disability policy, and as set forth in the short-term disability policy. (Doc. 12, at 2). These definitions, defendants argue, show that a determination that plaintiff was not considered "disabled" under the short-term disability policy "is not synonymous with a determination that [p]laintiff was not disabled as defined in the [long-term disability policy]." (*Id.*, at 3). As such, defendants conclude that plaintiff has failed to satisfy her burden of showing that it would have been futile for plaintiff to bring a claim for long-term disability benefits. (*Id.*).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . and a demand for the relief sought." Rule 12(b)(6) provides that a party may assert the defense of failure to state a claim upon which relief can be granted by motion, and that "[a] motion asserting [this] defense[ ] must be made before pleading if a responsive pleading is allowed." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Where a pleading contains no more than conclusions, however, those conclusions are not entitled to the assumption of truth. *Id.* "[T]here is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *Leimer v. State Mut. Life Assur. Co. of Worcester, Mass.*, 108 F.2d 302, 306 (8th Cir. 1940).

"Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation and internal quotation marks omitted). Matters that are necessarily embraced by the pleadings include those matters incorporated into the complaint by reference and those matters that are integral to the claim. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). "If matters outside the pleadings 'are presented to and not excluded by the court, the motion must be treated as one for summary judgment.'" *Zean*, 858 F.3d at 526 (quoting FED. R. CIV. P. 12(d)). Where an ERISA plan is incorporated into the pleadings by reference, such as by plaintiff alleging that the plan is the basis for plaintiff's claims, the Court may properly consider the plan in deciding a motion to dismiss. *Van Natta v. Sara Lee Corp.*, 439 F. Supp.2d 911, 921 n.3 (N.D. Iowa 2006) (citations omitted).

## III. DISCUSSION

### A. *Consideration of the Policies*

As an initial matter, the Court finds that the short and long-term disability policies (Docs. 4-2; 4-3) are necessarily embraced by the complaint, and the Court will therefore consider the policies without converting the instant motion to a motion for summary judgment. This finding is based on plaintiff's explicit statement that the plan, which encompasses the subject policies, forms the basis for plaintiff's claims. (*See* Doc. 1, at ¶¶ 35-38, 41-44). *Van Natta*, 439 F. Supp.2d at 921 n.3 (permitting a court to consider the terms of an ERISA plan when the plan forms the basis for the claims). Further, the policies are integral to the two claims that have been brought. *See Miller*, 688 F.3d at 931 n.3 (permitting a court to consider matters outside of the pleadings if those pleadings are integral to the claim). The Court will, therefore, turn to the short and long-term disability policies in analyzing whether Count II should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### B. *Futility*

Turning to the merits of the parties' arguments, the Court notes that the issues before the Court are narrow. Specifically, the Court must determine whether exhaustion of plaintiff's administrative remedies regarding long-term disability benefits would have been futile. "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Midgett v. Wash. Grp. Int'l Long Term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009) (citations and internal quotation marks omitted). If pursuing such administrative remedies would be futile, however, a claimant is excused from exhausting such remedies. *Id.* To show that pursuing administrative remedies would be futile, a claimant "must show that it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." *Brown v. J.B. Hunt Transp.*

*Servs., Inc.*, 586 F.3d 1079, 1085 (8th Cir. 2009) (alterations in original) (citation and internal quotation marks omitted)). "Unsupported and speculative claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies." *Midgett*, 561 F.3d at 898 (citation, internal quotation marks, and alteration omitted).

Plaintiff does not contest that the plan at issue requires administrative exhaustion prior to bringing suit. (*See* Doc. 11, at 2-4 (asserting that claimants subject to precedential case law set forth by the Eighth Circuit Court of Appeals must exhaust all administrative remedies prior to bringing suit)). Further, the long-term disability policy states: "No legal action can be brought until at least 60 days after We have been given written proof of loss." (Doc. 4-2, at 33). Such language indicates that all administrative remedies must be exhausted prior to a claimant commencing legal action. *See Midgett*, at 898-99 (indicating that language in a policy stating "that a claimant may not commence a legal action until 60 days after providing proof of a claim" amounts to an administrative exhaustion requirement).

Plaintiff's argument against dismissal is limited to the notion that "any attempts to undergo administrative procedures regarding the long-term disability portion of [the plan] would have been futile." (Doc. 1, at 6). In support, plaintiff argues that when defendant Mutual of Omaha found that plaintiff was not "disabled" within the meaning of the short-term disability policy, defendant Mutual of Omaha necessarily determined that plaintiff was not "disabled" within the meaning of the long-term disability policy as well. (Doc. 11, at 4).

The long-term disability policy permits a claimant to receive long-term disability benefits upon the satisfaction of one of two conditions: 1) the lapse of 180 calendar days; or 2) the end of short-term disability benefits being provided. (Doc. 4-2, at 12, 22). Plaintiff asserts that she cannot satisfy either condition, and any attempts to do so would

be futile. (Doc. 11, at 4). The Court need only address whether the first condition is capable of satisfaction.

In calculating the 180-day period, days that a claimant is deemed to be "not Disabled" are not counted. (Doc. 4-2, at 12 ("For accumulating days of Disability to satisfy the Elimination Period, . . . days You are not Disabled will not be used to satisfy the Elimination Period.")). Based on plaintiff having been found not "disabled" under the terms of the short-term disability policy, plaintiff argues that she will never be able to satisfy the first condition. (Doc. 11, at 4). Plaintiff's argument, however, assumes that the definition and construction of "disabled" are the same under both the short and long-term policies. Such is not the case. The long-term disability policy defines "disability and disabled," in relevant part, to mean a claimant is "prevented from performing *at least one of the Material Duties* of Your Regular Occupation on a part-time or full-time basis . . . ." (Doc. 4-2, at 37 (emphasis added)). The short-term disability policy, however, defines "disability and disabled," in relevant part, to mean a claimant is "prevented from performing *the Material Duties* of Your Regular Job (on a part-time or full-time basis) or are unable to work Full-Time . . . ." (Doc. 4-3, at 29 (emphasis added)).

The key difference between the quoted portions is whether a claimant must be prevented from performing *at least one* material duty of his or her occupation versus whether a claimant must be prevented of performing the material duties of his or her occupation without exclusion. The standard for proving long-term disability benefits is the lesser of the two standards. Thus, even though plaintiff was denied short-term disability benefits, it is conceivable that plaintiff could still be awarded long-term disability benefits, if she is able to meet the lesser standard of showing that she is prevented from performing at least one material duty of her regular job. This is consistent with defendant United of Omaha having denied short-term benefits because "'the clinical

findings do not support any condition(s) that would result in functional impairment or require work restrictions and/or limitation that would preclude you performing the material duties of your regular job . . . .'" (Doc. 1, at 5 (quoting letter issued by Defendant United of Omaha that informed plaintiff of the rejection of her appeal of the denial of short-term disability benefits)). The Court therefore rejects plaintiff's argument that any attempt to administratively pursue long-term disability benefits would have been futile. Because defendants have shown that plaintiff cannot show "that it is certain that [her] claim [would have been] denied on appeal," defendants' motion is **granted**. *Brown*, 586 F.3d at 1085 (first alteration in original)

### IV. CONCLUSION

For the aforementioned reasons, defendants' Motion to Dismiss Count II (Doc. 4) is **granted**.

**IT IS SO ORDERED** this 16th day of October, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa